Glenn I. Kerbs
Ford County Counselor
Central at Comanche
PO Box 1473
Dodge City, Kansas 67801
Dear Mr. Kerbs:
As the Ford County Counselor, you inquire whether the purpose of a local retailers' sales tax can be modified when the tax was adopted by the electorate for specific purposes not including the current proposed modification.
You indicate that, in 1997, the voters in Ford County and the City of Dodge City approved a one-half percent countywide retailers' sales tax and a one-half percent city retailers' sale tax to fund several specific projects, one of which is construction of a special events center. Apparently, some citizens no longer want the sales tax proceeds to be used for this purpose and are considering circulating a petition seeking an election to modify the purpose for which sales tax proceeds may be used.
In order to answer this question, we review the local retailers' sales tax statutes at K.S.A. 2006 Supp. 12-187 et seq. These statutes create the framework by which cities and counties can impose such a tax. The process includes: (1) a governing body proposal or a citizen-initiated petition placing the issue of imposing a sales tax before the electorate;([1]) (2) a notice indicating the date and time of the election, the rate, and the effective date of the proposed tax;([2]) and (3) "the purpose or purposes for which the revenue would be used."([3])
Once the sales tax is approved, the tax can be repealed or the rate reduced or increased within certain limitations only by utilizing the same process utilized for adopting and approving the original tax,([4]) but no statutory mechanism exists whereby the electorate or a governing body can modify the purpose for which local retailers' sales tax proceeds can be used. In the absence of such a statute, it is our opinion that neither the electorate or a city or county governing body can modify the purpose of a local retailers' sales tax that was previously adopted by the electorate.
Moreover, as binding elections cannot be held unless authorized by law,([5]) a petition requesting an election would have no legal effect. In Blevins v. Board of County Com'rs of the County ofDouglas,([6]) the Kansas Supreme Court considered whether Douglas County could hold a binding election regarding the issuance of bonds for a trafficway. The Court concluded that counties may hold binding elections only "in accordance with statutory authority set out by the legislature."([7]) Finding no statutory election requirement, the Court held that any election would be advisory only.
Summarizing, absent legislation, neither the electorate or a local governing body can modify the purpose of a local retailers' sales tax. A petition requesting an election to do so is not legally binding or effective.
Sincerely,
PAUL MORRISON
Attorney General
Mary Feighny
Assistant Attorney General
PM: JLM: MF: jm
[1] K.S.A. 2006 Supp. 12-187(a) and (b).
[2] K.S.A. 2006 Supp. 12-187(c).
[3] K.S.A. 2006 Supp. 12-187(g).
[4] K.S.A. 2006 Supp. 12-187(e). A city retailers' sales tax may also be repealed by ordinance.
[5] Attorney General Opinion Nos. 2004-23, 85-152, 83-177, 79-44.See State, ex rel. Burnett v. Deck, 106 Kan. 518 (1920).
[6] 251 Kan. 374, 382-383 (1992).
[7] Id. at 382.